No. 66566.—Eugenio Mireles *v.* United States, protest 312305–K (Laredo).

MOLLISON, Judge: This case involves the classification of crates, imported in knocked-down or unassembled condition, which, after importation and assembly, were designed to be and actually were used as shipping containers for cantaloupes. They were assessed with duty by the collector of customs at the rate of 16⅔ per centum ad valorem under the provision in paragraph 412, Tariff Act of 1930, as modified by the Presidential proclamation relating to the General Agreement on Tariffs and Trade, T.D. 51802, for—

Manufactures of wood * * * not specially provided for:

| * | * | * | * | * | * | * |

* * * crates * * * and similar containers, and shooks for making any such containers.

They are claimed to be dutiable at the rate of 3¾ per centum ad valorem under the provisions of paragraph 407 of the said act, as modified by the Presidential proclamation relating to the Torquay protocol to the general agreement, T.D. 52739, for—

* * * packing-box shooks, of wood, not specially provided for * * *.

The evidence is clear and uncontroverted that the articles at bar are shooks for cantaloupe crates. Counsel for the plaintiff has, in the brief filed in his behalf, offered, as an aid to the court, numerous dictionary definitions of the terms "packing box," "packing case," "box," and "crate," for the purpose of establishing that a crate is a kind of packing box. Counsel for the defendant has cited numerous decisions of this and our appellate court to the effect that crates and shooks for crates have been judicially determined not to be embraced within the provisions of paragraph 407 or its predecessors relating to packing boxes or shooks therefor. Counsel for the plaintiff contends that these decisions are distinguishable or not controlling for various reasons.

We think that it is unnecessary for us at this time to determine whether a crate is or is not a packing box. If it is not, decision must be in favor of the defendant. If it is, the question presented is a simple one of relative specificity. Therefore, assuming, without deciding, that crates are packing boxes, the question is whether the provision in paragraph 412, as modified by T.D. 51802, for shooks for crates is relatively more specific in its application to the merchandise at bar than the provision in paragraph 407, as modified by T.D. 52739, for shooks for packing boxes. Both provisions are modified by a "not specially provided for" clause, and there is nothing manifest about either provision which indicates a legislative intent that one should control over the other.

Assuming, therefore, that a crate is a specific kind of a packing box, as plaintiff claims, it would seem to be unquestionable that the provision for shooks for crates is more narrowly descriptive of the merchandise at bar than the provision for shooks for packing boxes. Consequently, whether crates are or are not packing boxes, judgment must be in favor of the defendant.

The protest claim is, therefore, overruled, and judgment will issue accordingly.